**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Michael David Bailey

      v.                          Case No. 20-cv-540-JL

Warden, Federal Correctional
Institution, Berlin, New Hampshire


**REPORT AND RECOMMENDATION**

The Respondent, the Warden of the Federal Correctional
Institution, Berlin, New Hampshire ("FCI Berlin") has moved to
dismiss (Doc. No. 7) Michael David Bailey's petition for writ of
habeas corpus (Doc. No. 1) on the grounds that Bailey has
improperly sought habeas relief in this district court under 28
U.S.C. § 2241, rather than with the court that tried and
convicted him under § 2255.  In his petition, Bailey argues that
he should be resentenced without an "armed career criminal"
enhancement in light of the Supreme Court's decision in Johnson
v. United States, 576 U.S. 591 (2015).  Bailey assets that,
under § 2255's savings clause (§ 2255(e)), he can raise such
arguments in a § 2241 petition because § 2255's one-year statute
of limitations purportedly bars him from seeking relief through
a § 2255 motion.  The Warden, in turn, contends that Bailey
cannot avail himself of the savings clause because § 2255
provides an adequate and effective remedy to test the legality
of Bailey's detention under Johnson and because the savings

clause does not allow a federal prisoner like Bailey to collaterally attack his conviction in a § 2241 petition merely because § 2255's statute-of-limitations period has lapsed.

The district judge should grant the Warden's motion and dismiss the petition for lack of subject matter jurisdiction without prejudice to Bailey's ability to refile a § 2255 motion in the District of Montana.

### Background

On January 22, 2014, Bailey pled guilty in the District of Montana to being a felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  See United States v. Bailey, No. 1:13-cr-062-DWM (D. Mont.).  On that day, the trial court sentenced Bailey to 180 months of imprisonment.  See id.  This sentence included an enhancement for being an "armed career criminal" due to Bailey's previous convictions on three qualifying felonies, including at least one "violent felony," defined as such under the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).  Bailey did not file a direct appeal and has never filed a motion to set aside or correct his sentence under § 2255.

After this sentencing, Bailey was incarcerated in a Montana state prison facility to serve a sentence for a state probation violation that ran concurrently with his federal sentence.

According to Bailey, he had no access to a federal law library
or case law while in the Montana state prison.

In January 2018, Bailey completed his Montana probation
violation sentence and was transferred to the Federal
Correctional Institution, Sheridan, Oregon ("FCI Sheridan").
Bailey asserts that while at FCI Sheridan, he first learned of
the Supreme Court's decision in Johnson after discussing his
sentence with other prisoners, and then discussed the
applicability of Johnson to his sentence with the attorney who
represented him in the District of Montana.  Bailey's attorney
allegedly informed Bailey, that although Johnson applied to
Bailey's sentence, "and that [Bailey's attorney] had used it for
other clients, . . . he had 'forgotten' about Bailey because he
was in Montana [state] custody at the time."  Pet. (Doc. No. 1)
at 3.  Bailey's attorney also allegedly told him that a § 2255
motion would be untimely under § 2255's one-year limitations
period, but did not discuss the possibility of filing a § 2241
petition under § 2255's savings clause.

Bailey filed the instant petition in May 2020, while he was
incarcerated at FCI Berlin.

## Applicable legal standard

### Rule 12(b)(1): Lack of subject matter jurisdiction

"Federal courts are courts of limited jurisdiction.  They
possess only that power authorized by Constitution and statute."

United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007)
(quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
375, 377 (1994)) (formatting altered).  "Without jurisdiction
the court cannot proceed at all in any cause." Steel Co. v.
Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  "If the
court determines at any time that it lacks subject-matter
jurisdiction, the court must dismiss the action." Fed. R. Civ.
P. 12(h)(3).

The Federal Rules of Civil Procedure apply to habeas corpus
actions brought under 28 U.S.C. § 2241, 2254, and 2255.  See
Fed. R. Civ. P. 81(a)(4); Rules 1(b) and 12 of the Rules
Governing § 2254 Cases ("§ 2254 Rules").  This includes Rule
12(b)(1), which governs the Warden's motion to dismiss Bailey's
petition for lack of subject matter jurisdiction.  See Fed. R.
Civ. P. 12(b)(1).  Under Rule 12(b)(1), the burden to prove
jurisdiction rests with the petitioner.  See Acosta-Ramirez v.
Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013).
"The pleading standard for satisfying the factual predicates for
proving jurisdiction is the same as applies under Rule 12(b)(6)—
that is, the plaintiff[ ]," or here, the petitioner, "must
'state a claim to relief that is plausible on its face.'" Labor
Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844
F.3d 318, 326-27 (1st Cir. 2016) (internal citation omitted).
In considering a Rule 12(b)(1) motion, the court "must credit

the [petitioner's] well-pled factual allegations" as true and
"draw all reasonable inferences in the [his or her] favor."
Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).
"[A]n order granting a motion to dismiss" under Rule 12(b)(1)
"is appropriate only when the facts adumbrated in the
[petition], taken at face value, fail to bring the case within
the court's subject-matter jurisdiction." Gordo-Gonzalez v.
United States, 873 F.3d 32, 35 (1st Cir. 2017).

28 U.S.C. § 2255(e): Savings clause

Generally, challenges to a federal conviction or sentence
must be brought under 28 U.S.C. § 2255 in the district where the
petitioner was sentenced. See 28 U.S.C. § 2255(a); Edwards v.
Warden, FCI Berlin, No. 19-CV-1271-JD, 2020 U.S. Dist. LEXIS
83394, at *2, 2020 WL 2404886, at *1 (D.N.H. May 12, 2020);
Concepcion v. Hazlewood, No. 18-cv-900-LM, 2019 U.S. Dist. LEXIS
14749, at *5, 2019 WL 376389, at *2 (D.N.H. Jan. 9, 2019), R&R
approved sub nom., Concepcion v. FCI Berlin, Warden, No. 18-cv-
900-LM, 2019 U.S. Dist. LEXIS 14534, at *1, 2019 WL 369282, at
*1 (D.N.H. Jan. 30, 2019), aff'd, No. 19-1162 (1st Cir. Aug. 29,
2019). Section 2255(e), known as the "savings clause,"
preserves a limited role for the court in the district of a
federal prisoner's incarceration to consider a petition under 28
U.S.C. § 2241 challenging the legality of a detention. See
United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). The

court in the district where a federal prisoner is incarcerated may consider such a § 2241 petition only if the prisoner can show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e).

Though the First Circuit Court of Appeals has not provided examples of all circumstances where savings clause jurisdiction might arise, it has made clear that § 2255's "adequacy and effectiveness must be judged ex ante." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008). "Accordingly, post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such as to deny a convicted defendant any opportunity for judicial rectification." Id. (internal quotation marks omitted) (emphasis in original). "Such circumstances exist if the petitioner makes a credible allegation of actual innocence or, based on a new statutory interpretation by the Supreme Court, the petitioner is no longer guilty of the crime of conviction." Edwards, 2020 U.S. Dist. LEXIS 83394, at *2, 2020 WL 2404886, at *1; see Trenkler, 536 F.3d at 99; Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000); Concepcion, 2019 U.S. Dist. LEXIS 14749, at *5, 2019 WL 376389, at *3.

### Analysis

The Warden contends that this court lacks jurisdiction to consider Bailey's § 2241 petition because § 2255 provides an adequate and effective remedy, and is thus the sole means for Bailey to challenge the legality of his sentence.  Bailey, relying on two cases from the Ninth Circuit Court of Appeals, maintains that a "§ 2241 petition is the correct petition" because § 2255's one-year limitations period purportedly renders § 2255 ineffective and inadequate to test the legality of his detention.  See Bailey's Obj. (Doc. No. 8) at 1 (citing Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)).  To the extent the court disagrees, Bailey requests, in the alternative, that the court recharacterize his § 2241 petition as a § 2255 motion and transfer it to the District of Montana, which would have jurisdiction to consider a § 2255 motion.  As discussed below, the district judge should grant the Warden's motion to dismiss without prejudice to Bailey's ability to refile a § 2255 motion in the District of Montana, and deny Bailey's request to recharacterize and transfer his motion.

As an initial matter, both Bailey and the Warden agree that the claim embodied in Bailey's instant petition is one normally cognizable in a § 2255 proceeding.  In the petition, Bailey — a federal prisoner still in custody — challenges his 180-month sentence based on Supreme Court precedent unavailable at the

7

time of his sentence in 2014, which Bailey argues would have rendered him ineligible for an enhanced sentence as an "armed career criminal" had he been sentenced after the precedent (Johnson) was published.  In substance, his claim constitutes a collateral attack on the legality of his sentence based on a new rule of constitutional law.  Such claims generally fall within the exclusive heartland of § 2255, see Nipper v. Warden, FCC Coleman-Medium, 688 F. App'x 851 (11th Cir. 2017), and thus must be filed within the one-year limitations period for § 2255 claims, see 28 U.S.C. § 2255(f), in this context, one year from the Supreme Court's 2015 decision in Johnson.

Bailey nevertheless contends that, under § 2255's savings clause, he can collaterally attack the legality of his sentence through a recently filed § 2241 petition because he (1) "is prohibited" by § 2255's one-year statute of limitations "from having his [§] 2255 motion considered," and (2) is actually innocent of being an "armed career criminal."  See Pet. (Doc. No. 1) at 3.  Neither argument affords him access to § 2255's savings clause.

Federal prisoners may use § 2241 to challenge the legality of their detentions, as opposed to the execution thereof, only if relief under § 2255 is "inadequate or ineffective."  28 U.S.C. § 2255(e).  The First Circuit Court of Appeals has made clear that § 2255's "adequacy and effectiveness must be judged

ex ante." Trenkler, 536 F.3d at 99 (1st Cir. 2008). "Accordingly, post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Id. (internal citation omitted) (emphasis in original).

"The mere inability to satisfy" § 2255's statute-of-limitations requirement, however, does not render relief by § 2255 inadequate or ineffective and thus "afford access to the savings clause." See Trenkler, 536 F.3d at 99 (internal citation omitted). Where "a prisoner had an opportunity to present his claims properly" in a § 2255 motion, "but failed to do so, any 'ineffectiveness' of his current § 2255 [motion] is due to him and not to § 2255." See Barrett, 178 F.3d at 53 (applying § 2255's procedural provisions in the context of a successive § 2255 motion); see also United States v. Logan, 22 F. Supp. 2d 691, 694 (W.D. Mich. 1998) ("The Court concludes that any 'ineffectiveness' in this matter is attributable not to § 2255, but to Petitioner, for failure to file within [the limitations] period."). This includes claims that a federal prisoner could have brought, but did not bring, within § 2255's one-year limitations period. See Trenkler, 536 F.3d at 99. "To rule otherwise would reduce" the procedural requirements in

§ 2255, including its statute of limitations, to "'a meaningless gesture.'" Id. (quoting Barrett, 178 F.3d at 50).

Bailey's argument of "actual innocence," based on Ninth Circuit precedent, is similarly unavailing, as his cited authority holds that a petitioner cannot bring "purely legal" arguments of innocence under the guise of a § 2241 petition. In Marrero v. Ives, for example, the Court held that a federal prisoner who had previously filed multiple § 2255 motions was not entitled to file a § 2241 petition under § 2255's savings clause to challenge legality of his 2001 sentence as a career offender. 682 F.3d at 1192-93. The prisoner argued that § 2241 applied because he was "actually innocent" of being a career offender under the 2007 amendments to the Sentencing Guidelines. Id. at 1193. The Court held, however, that actual innocence meant "factual innocence, not mere legal insufficiency." Id. As such, the petitioner's "purely legal argument that he was wrongly classified as a career offender under the Sentencing Guidelines was not cognizable as a claim of actual innocence under" § 2255's savings clause. Id. at 1195. Likewise, in Lorentsen v. Hood, the Court held that a prisoner could not collaterally attack his sentence in a § 2241 petition because it was "clear" that he was not "actually innocent" of the crime at issue. 223 F.3d at 953-54.

In neither Marrero nor Lorentsen did the Ninth Circuit
Court of Appeals consider the issue presented by Bailey's
instant petition, that is, whether a prisoner's inability to
satisfy § 2255's statute of limitations renders § 2255
inadequate or ineffective.  Additionally, neither case supports
Bailey's claim of actual innocence.  To the contrary, under
these cases, Bailey's "purely legal" claim that he was wrongly
classified as an armed career criminal does not constitute a
claim of actual innocence for purposes of accessing § 2255's
savings clause.  See Marrero, 682 F.3d at 1193; cf. Barrett, 178
F.3d at 57 ("A claim of actual innocence — defined as factual
innocence, not mere legal insufficiency — will have a mechanism
for review.").  As such, Bailey has not shown that his pre-
Johnson sentence as an armed career criminal constitutes a
miscarriage of justice that affords him access to § 2255's
savings clause.

     Finally, Bailey "fears" that if his § 2241 petition is
rejected, any § 2255 motion he might submit in the District of
Montana would be denied as untimely, leaving him no recourse for
his allegedly unlawful sentence.  Bailey's Obj. (Doc. no. 6) at
3.  As discussed above, the fact that a court may deem a § 2255
motion untimely, standing alone, does not suffice to show that
§ 2255 fails to provide an adequate and effective remedy.  See
also Trenkler, 536 F.3d at 99.

11

Further, as noted by the Warden in his motion to dismiss, Bailey may still be able to file a timely § 2255 motion in the District of Montana.  In his instant petition, Bailey specifically argues that the doctrine of equitable tolling applies to his circumstances.  While this court makes no comment on the merits of Bailey's equitable tolling argument, if his assertions are true, the doctrine could extend § 2255's limitations period such that he could timely file a § 2255 motion in the District of Montana, asserting claims that Johnson applies retroactively to his purportedly unlawful sentence.

Bailey has not shown that the remedy by motion under § 2255 is ineffective or inadequate to test the legality of his sentence.  He has therefore failed to show that this court has savings clause jurisdiction over his § 2241 petition.  He has also failed to show that he would suffer any prejudice if required to refile his petition in the District of Montana. Accordingly, the district judge should deny Bailey's request to transfer the instant petition and dismiss the petition for lack of subject matter jurisdiction without prejudice to Bailey's ability to reraise his arguments in a § 2255 motion filed in the District of Montana.

### Conclusion

For the foregoing reasons, the district judge should dismiss Bailey's § 2241 petition for lack of jurisdiction without

12

prejudice to Bailey's ability to file a § 2255 motion raising similar arguments in the District of Montana.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesus-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

Andrea K. Johnstone
United States Magistrate Judge

September 18, 2020

cc:  Michael David Bailey, pro se
     Seth R. Aframe, Esq.