**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Michael David Bailey</u>

   v.                                          Case No. 20-cv-540-JL

<u>Warden, FCI Berlin</u>

### Report and Recommendation

Michael David Bailey, who is incarcerated at the Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"), sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the District of Montana as an armed career criminal. The warden moved to dismiss on the ground that this court lacked subject matter jurisdiction because Bailey's claim was cognizable under 28 U.S.C. § 2255, which provided an adequate an effective remedy. The motion to dismiss was granted; judgment was entered; and Bailey did not appeal.

Bailey now moves, pursuant to Federal Rule of Civil Procedure 60(b)(1), to vacate judgment because, he contends, he made mistakes in his objection to the motion to dismiss. The warden objects to Bailey's motion on grounds that it is untimely and that Bailey cannot use Rule 60 as a substitute for an appeal.

### Discussion

Rule 60(b)(1) provides that the court may relieve a party from a final judgment because of "mistake, inadvertence,

surprise, or excusable neglect." To support a motion under Rule 60(b), the moving party must show that the motion is timely, that there are exceptional circumstances that support the motion, that he can maintain a meritorious claim if judgment is vacated, and that vacating judgment will not prejudice the opposing party. Skrabec v. Town of North Attleboro, 878 F.3d 5, 9 (1st Cir. 2017). A motion for relief under Rule 60(b)(1) must be filed no later than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

Judgment was entered on October 5, 2020. Bailey filed the motion for relief under Rule 60(b)(1) on October 28, 2021, more than a year later. Therefore, the motion is not timely.

As the warden acknowledges, the court may review a motion under a different section of Rule 60(b) in appropriate cases. Fisher v. Kadant, Inc., 589 F.3d 505, 513 (1st Cir. 2009). Rule 60(b)(6) does not have the one-year deadline and provides that judgment may be vacated for "any other reason that justifies relief." Nevertheless, Rule 60(b)(6) requires a showing of extraordinary circumstances based on a reason not covered by other parts of the rule. Doucette v. Aroostook Cnty. Jail, 2022 U.S. Dist. LEXIS 60144, at *3 (D. Me. Mar. 31, 2022).

Bailey argues that since judgment was entered he has learned that Ninth Circuit precedent should have governed his petition because he was sentenced in the District of Montana and that a case from the District of Oregon supports his claim. He

2

cites Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019), to show that in determining whether the savings clause under § 2255(e) would allow a § 2241 petition to proceed, the procedural law of the circuit where the petition was filed applies but the substantive claim raised in the petition is governed by the law of the circuit where the petitioner was convicted. He contends that under Ninth Circuit precedent, his § 2241 petition should not have been dismissed.

Whether or not the rule applied by the Fourth Circuit in Hahn should be followed in this case, it would not change the outcome. Here, the court followed First Circuit precedent on the issue of the procedure for applying the savings clause in § 2255(e), which does not allow § 2241 petitions to proceed because a petition under § 2255 is barred by the statute of limitations. The court then considered the Ninth Circuit precedent cited by Bailey on the issue of actual innocence and concluded that the holdings in those cases did not support Bailey's claim of actual innocence to qualify for the § 2255(e) savings clause.

Bailey did not move for reconsideration of that decision or appeal. The warden is correct that a motion under Rule 60(b) is not an appropriate substitute for an appeal. Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993).

Therefore, Bailey has not shown extraordinary circumstances that would support his motion to vacate the judgment under Rule 60(b)(6).

## Conclusion

For the foregoing reasons, the district court should deny Bailey's motion to vacate judgment under Rule 60(b) (doc. no. 14).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 19, 2022

cc:  Michael David Bailey, pro se
     Seth R. Aframe, AUSA

4